Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thelma Ramos, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>Arrow Financial Services LLC, a foreign limited liability company; Paul D. Guglielmo doing business as Guglielmo & Associates; and Arturo A. Aguilar;<br><br>    Defendants. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover her actual damages, and statutory damages,

1 as well as reasonable attorney's fees and costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the

1  FDCPA is liable for any actual damage sustained; statutory damages
2  up to $1,000; attorney's fees as determined by the Court and costs of
3  the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV. Parties

9. Plaintiff, Thelma Ramos, is an individual residing in Pinal County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).
12. Defendant Arrow Financial Services LLC is a limited liability company domiciled in the State of Delaware.
13. Arrow regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. Arrow regularly collection or attempts to collect debts which it has purchased after default.
15. Arrow is a "debt collector" as defined by FDCPA § 1692a(6).
16. Defendant Paul D. Guglielmo is an Arizona licensed attorney operating a law firm under the name of Guglielmo & Associates.
17. Guglielmo employs other attorneys to practice law under his firm name of Guglielmo & Associates.

18. Guglielmo is engaged in the business of collecting debts alleged to be due another.
19. Guglielmo is a "debt collector" as defined by FDCPA § 1692a(6).
20. Defendant Arturo A. Aguilar is an Arizona licensed attorney employed by Guglielmo.
21. Aguilar engages in the business of collecting debts alleged to be due another.
22. Aguilar is a "debt collector" as defined by FDCPA § 1692a(6).
23. Guglielmo also employs non-attorneys to assist his firm in the collection of debts alleged to be due another.
24. Guglielmo is liable for the acts of his employees and agents within the scope of their authority under the doctrine of respondent superior.
25. Guglielmo created the collection policies and procedures utilized by the attorneys and other employees of his law firm.
26. Guglielmo manages the daily collection operations of his law firm, and oversees the application by his attorneys and other employees of his collection policies and procedures.
27. At all times relevant herein, Guglielmo and Aguilar acted as agents of Arrow in the collection or attempted collection of an alleged debt from Plaintiff.

### V.  Factual Allegations

28. Prior to January 8, 2008, Defendant Arrow Financial acquired an alleged debt from Preferred Floor Covering for carpet Ramos had installed in her home in July 2005.
29. Arrow Financial assigned the alleged debt to Guglielmo's office for

1 collection purposes.

2 30. On January 8, 2008, Guglielmo's office sent a letter to Ramos concerning an alleged debt previously owed to Preferred Floor Covering. A copy of the January 8, 2008 letter is attached hereto as Exhibit A.

31. Guglielmo states in the January 8, 2008 letter that the balance due is "$3337.11 as of today."

32. Nowhere in the January 8, 2008 letter does it state that Guglielmo and Aguilar are collecting for Arrow Financial.

33. The January 8, 2008 letter was signed by Defendant Aguilar.

34. The January 8, 2008 letter was mailed in a bright yellow envelope with a black bolded banner stating "URGENT MAIL." A copy of the envelope is attached hereto as Exhibit B.

35. Exhibit A was the first communication sent by Defendants Guglielmo and Aguilar to Ramos.

36. Exhibit A was the first communication received by Ramos from Defendants concerning the Preferred Flooring debt.

37. Exhibit B was intended to create a false sense of urgency.

38. Upon receipt of the January 8, 2008 letter, Ramos immediately telephoned Guglielmo's office.

39. During this phone conversation Ramos told Guglielmo's collector that she had already paid the debt to the original carpet company. The collector told Ramos that it did not matter and that she still had to pay this debt. Ramos then told the collector that she refused to pay them anything as the debt had already been paid.

40. The rude manner is which Ramos was treated by Guglielmo's office during this telephone conversation was very upsetting to Ramos and caused her great emotional stress.
41. Ramos immediately called her niece, Bonnie Riendeau, to assist her in dealing with Guglielmo's office concerning the alleged debt. Ramos is elderly and has a difficult time hearing on the telephone.
42. On January 12, 2008, Ramos and Riendeau telephoned Guglielmo's office to again explain that this alleged debt had been paid to the original carpet company, and that there was no money owed to Preferred Flooring.
43. After making the call, Ramos gave Guglielmo's office permission to discuss the alleged debt with Riendeau.
44. Riendeau explained to the collector that they had proof that the debt had been paid in full to the original carpet company.  The collector then told Riendeau that he did not care what proof they had, and that Ramos owed the money and that she had better pay.  The collector also threatened that if she did not pay, the "bottom line is that we'll attach and take what she owns to pay off the debt."
45. Guglielmo's collector was very rude and threatening during the telephone conversation with Riendeau.
46. The collector's threat to take Ramos's property to pay a debt she does not owe upset Ramos very much, and caused her great emotional distress.
47. On or about January 15, 2008 Ramos sent Defendant Guglielmo a letter along with copies of three checks showing that she had paid the

- 6 -

1  Preferred Flooring debt to Express Home Services in 2005 and 2006.

2  48. Ramos also stated in her letter to Guglielmo that she refused to pay
3      the debt they were trying to collect.

4  49. Guglielmo's office received Ramos' letter and attachments on January
5      18, 2008.

6  50. Subsequent to receiving Ramos's letter disputing the debt, and stating
7      that she refused to pay the debt, Guglielmo's office sent a second letter
8      to Ramos dated February 21, 2008.  A copy of the February 21, 2008
9      letter is attached hereto as Exhibit C.

10 51. The February 21, 2008 letter states that "We have recently verified
11     that you own real property."

12 52. The letter also threatens that Guglielmo's office will file a lawsuit
13     against Ramos and will lien any real property she owns.

14 53. The February 21, 2008 letter was signed by Defendant Aguilar.

15 54. The February 21, 2008 letter from Guglielmo's office again upset
16     Ramos very much.

17 55. As a result of Defendants outrageous actions as outlined above,
18     Plaintiff has suffered damages including, but not limited to, anger,
19     sleeplessness, crying, headaches, worry, depression, upset stomach,
20     and other severe emotional distress.

21 56. Defendants' actions taken here were intentional, willful, and in gross
22     or reckless disregard of Plaintiff's rights and part of its persistent and
23     routine practice of debt collection.

24 57. In the alternative, Defendants' actions were negligent.

25

## VI.  Causes of Action

### a.  Fair Debt Collection Practices Act

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

59. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g.

60. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII.  Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

///

///

- 8 -

DATED   February 26, 2008  .

          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# Exhibit A

# Guglielmo Associates
ATTORNEYS AT LAW

P.O. Box 41688
Tucson, AZ. 85717

Arturo Aguilar  H
Paul D. Guglielmo H
Erik Jacobson  HH
Dan A. Ribble HHH
Thomas Shaddix  HHHH

(520) 325-5700
(520) 325-2480 FAX
(877) 325-5700

January 8, 2008

Thelma Ramos
351 N MERIDIAN RD LOT 85
Apache Junction AZ 85220

Original Creditor:     Preferred Floor Covering
Balance Due:           $3337.11 **as of today**
Debtor No.:            94942.001 (always use this number
                       as a reference when calling or mailing our office

We have recently sent you a letter in an attempt to collect the above outstanding balance you owe. Additionally, we tried to contact you by telephone and were unsuccessful in making arrangements for payment. Our office has received authorization from our client to accept a cash settlement.

If you wish to negotiate a discounted settlement you should contact my office **immediately.**

Sincerely,

*GUGLIELMO & ASSOCIATES*

PDG/EPB

**This office is a debt collector attempting to collect this debt and any information obtained will be used for that purpose.**

ACR revised 8/23/07

---

| | | |
|---|---|---|
| † | Admitted to practice Law in Arizona | 3497 North Campbell Ave., Suite 703-Tucson, Arizona 85719 |
| †† | Admitted to practice Law in Utah | 3325 N. University Ave., Suite 200-Provo, UT 84604 |
| †††† | Admitted to practice Law in Nevada | 3235 S. Eastern Ave.-Las Vegas, Nevada 89109 |
| ††† | Admitted to practice Law in New Mexico | 3167 San Mateo NE #342- Albuquerque, New Mexico 87110 |

# Exhibit B

**Guglielmo & Associates**
ATTORNEYS AT LAW

P.O. BOX 41688
TUCSON, ARIZONA 85717-1688

RETURN SERVICE REQUESTED

**URGENT MAIL**



Neopost

0471J82003492
$00.41⁰
Mailed From 85719
01/08/2008
US POSTAGE



# Exhibit C



# Guglielmo Associates
ATTORNEYS AT LAW

P.O. Box 41688
Tucson, AZ. 85717

Arturo Aguilar H
Paul D. Guglielmo H
Erik Jacobson HH
Dan A. Ribble HHH
Thomas Shaddix HHHH

(520) 325-5700
520) 325-2480 FAX
(877) 325-5700

February 21, 2008

Thelma Ramos
351 N MERIDIAN RD LOT 85
Apache Junction AZ 85220

Re: ARROW FINANCIAL SERVICES LLC
Original Creditor: Preferred Floor Covering
Debtor No: 94942.001 (always use this number as a reference when calling or mailing our office)
Balance: $3337.11 as of today

We have recently verified that you own real property. As you should be aware our office was hired to collect the debt you owe. If our office determines that you are unwilling to pay and it is necessary to file a lawsuit against you; our office will request the court to enter a judgment against you. If the court awards a judgment; it is our policy to record any judgments, so it would attach as a judgment lien to any real estate owned.

Additionally, in any lawsuit filed our office requests court costs for filing fee incurred and service of process fees. Our office also requests the court to award attorney's fees.

Should you decide you would like to avoid unnecessary litigation and the related cost, you should contact our office to discuss your settlement options. Your prompt attention to this matter is imperative.

You recently received a letter, which referenced your rights under the Fair Debt Collection Practices Act. This letter does not limit your rights under this Act. If you wish to exercise your rights under the Fair Debt Collection Practices Act please do so in writing to my office.

Sincerely,

*GUGLIELMO & ASSOCIATES*

PDG/EPB
This office is a debt collector attempting to collect this debt and any information obtained will be used for that purpose.

H     Admitted to practice Law in Arizona
HH    Admitted to practice Law in Utah
HHHH  Admitted to practice Law in Nevada
HHH   Admitted to practice Law in New Mexico

3497 North Campbell Ave., Suite 703-Tucson, Arizona 85719
3325 N. University Ave., Suite 200-Provo, UT 84604
3235 S. Eastern Ave.-Las Vegas, Nevada 89109
3167 San Mateo NE #342- Albuquerque, New Mexico 87110